**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

RAYMOND L. JACKSON,

                Petitioner,

    v.                                                      9:19-CV-1542 (DNH/CFH)

MICHAEL CAPRA,

                Respondent.

---

**APPEARANCES:**                                      **OF COUNSEL:**

RAYMOND L. JACKSON
15-A-3740
Petitioner pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

HON. LETITIA JAMES                         DENNIS A. RAMBAUD, ESQ.
Attorney for Respondent                     Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, New York 10005

**CHRISTIAN F. HUMMEL
United States Magistrate Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner pro se Raymond Jackson seeks habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner's amended petition was accepted for filing, and the Court directed respondent to answer. Dkt. No. 9, Amended Petition; Dkt. No. 10, Decision and Order dated 02/27/20.

Presently before the Court is petitioner's motion for appointment of counsel and his

renewed motion for a stay. Dkt. No. 11.[1] Respondent opposes both motions. Dkt. No. 13. For the reasons stated herein, petitioner's motions are denied and he is granted thirty (30) days to clarify his intentions and either file a complete motion to stay or a motion seeking to expand the record.

## II. THE PETITION

Petitioner challenges a 2015 conviction from Clinton County, pursuant to a jury verdict, for three counts of third degree criminal sale of a controlled substance and six counts of third degree criminal possession of a controlled substance. Am. Pet. at 1-2; *see also People v. Jackson*, 160 A.D.3d 1125, 1125 (3rd Dep't 2018).[2]

Petitioner contends that he is entitled to habeas relief because (1) false and tampered evidence was used to secure his conviction (Am. Pet. at 5-6, 8-9); (2) his arrest was not supported by probable cause and he was subjected to an illegal search and seizure (*id.* at 6-8); and (3) the trial court erred in allowing the petitioner to proceed pro se during his trial given his extensive mental health history (*id.* at 9-11). For a more complete statement of petitioner's claims, reference is made to the amended petition.

## III. BACKGROUND

### A. Direct Appeal

On direct appeal, petitioner argued that (1) the trial court erred in failing to conduct a sufficient inquiry when petitioner asked to proceed pro se; (2) the trial court deprived

---

[1] The Court previously denied petitioner's motion to stay because it could not determine what claims petitioner was collaterally attacking in state court and concluded the motion was probably premature. Dkt. No. 8, Decision and Order dated 2/06/20.

[2] Citations to the parties' submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

petitioner of a fair trial by improperly admitting evidence of uncharged drug transactions; (3) the trial court erred in allowing the confidential informant's testimony about her relationship with petitioner; (4) the prosecutor's remarks during summation were improper; (5) the trial court erred in allowing a defective search warrant; (6) the trial court erred in admitting various drug evidence during the course of the trial; (7) there were gaps in the chain of custody; and (8) there were forgeries and evidence tampering by the police. *Jackson*, 160 A.D.3d at 1126-1129. The New York State Supreme Court, Appellate Division, Third Department, affirmed his conviction on direct appeal, and, on July 18, 2018, the New York Court of Appeals denied his application for leave to appeal. *Jackson,* 160 A.D.3d at 1129, *lv. denied*, 31 N.Y.3d 1149 (2018); *accord* Am. Pet. at 2-3.

### B. Collateral Attacks on Petitioner's State Court Conviction

Petitioner also filed a writ of error coram nobis arguing that his appellate counsel was ineffective for failing to argue that (1) the trial court erred because petitioner's mental health precluded him from representing himself, and (2) the trial court erred finding probable cause for petitioner's traffic stop and a legal search and seizure of the evidence within petitioner's vehicle. Am. Pet. at 3. On August 8, 2019, the Third Department denied the motion, and, on November 13, 2019, the Court of Appeals denied petitioner's application for leave to appeal. *Id.* at 3-4.

Petitioner also filed an Article 78 proceeding in Albany County Court. Am. Pet. at 4. Petitioner explained that he asked the state court

> to compel the [New York State Police Head Quarters (")NYSP HQ[")] . . . to turn over several documents (1) CD/DVD Disc jpeg image file, (1) contact sheet pertaining to (3) photographs that were taken and then downloaded onto a computer server by Investigator Timothy Connolloy of (3) criminal sales buys # 1, 2, 3, that the

3

> petitioner paid $75.00 to NYSP HQ who are refusing to disclose the
> documents under the FOIL Request requirements after NYSP Lt.
> Col. Scott A. Wilcox, made the documents available to petitioner to
> purchase.

*Id.* Petitioner contends that the photograph of the first drug buy is fraudulent because it depicts crack cocaine, not the actual cocaine powder which was sold. *Id.* at 5. Thus, petitioner shared that he wanted to file this proceeding "to receive a tangible document of the CD jpeg disc, and contact sheet to bolster[] a stronger argument" and "because . . . if [he] got the documents and studied the content . . . the issues [would] have merit[.]" *Id.* at 5-6.

On October 15, 2019, the petition was dismissed because petitioner did not properly serve respondent a copy of the motion papers. Am. Pet. at 4. Petitioner moved for reargument, specifically seeking an additional opportunity to properly serve the respondent; however, on January 6, 2020, his motion was denied. *Id.*

Petitioner indicates that he has since "filed a CPL 440.10 motion of 'Newly Discovered Evidence' of a potential *Brady* violation in regards to the suppressed documents being withheld by NYSP HQ, CD/DVD disc, jpeg file, and contact sheet, pertaining to petitioner['s] criminal case[.]" Dkt. No. 11 at 1.

## IV. DISCUSSION

### A. Motion to Appoint Counsel

Petitioner "requests an attorney to argue the complex issue[]s of a *Brady* claim . . . in petitioner's habeas corpus petition." Dkt. No. 11 at 1. Specifically, given petitioner's lack of formal legal education and training, he seeks counsel to advance "his strongest argument on each ground . . . the way a professional counsel would be able to[.]" *Id.*

Respondent opposes petitioner's request. Dkt. No. 13. Specifically, respondent

4

argues that petitioner has failed to present any special reason why appointing counsel is warranted in this case. Dkt. No. 13 at 3.

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A court may, in its discretion, appoint counsel for "any financially eligible person" where "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, a habeas court

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see also Soto v. Walker*, No. 9:00-CV-0197 (TJM/DEP), 2005 WL 2260340, at *4 (N.D.N.Y. Sept. 15, 2005) (outlining the factors to "consider[:] the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas court.").[3] When a petitioner's claims may "'fairly be heard on written submissions,' a habeas petitioner's request for counsel should ordinarily be denied." *Reynolds v. Greene*, No. 9:05-CV-1539 (DNH), 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (internal citation omitted). However, pursuant to Rule 8(c) of the

---

[3] Unpublished cases cited herein have been provided to plaintiff.

5

Rules Governing Section 2254 Cases, counsel must be appointed if a hearing is required.

Although the Court has not determined whether petitioner's claims are likely to be of substance, even assuming that to be true, it is clear that petitioner has not identified any "special reason" why appointing counsel to assist him is warranted. *Hodge*, 802 F.2d at 62. Petitioner contends that he needs help with accurately and persuasively presenting his petition and a potentially new *Brady* claim. Dkt. No. 11 at 1. Neither argument provides sufficient reasoning as to why petitioner needs the benefit of counsel at this stage in the litigation. First, petitioner is not entitled to representation; therefore, the fact that he is unable to independently retain counsel does not compel the Court to appoint him an attorney. *Pennsylvania*, 481 U.S. at 555. Second, petitioner's contentions that an attorney would be more skilled in assisting petitioner with research and presenting his legal arguments, alone, are insufficient to justify appointment of counsel. *See Voymas v. Unger*, No. 6:10-CV-0645, 2011 WL 2670023, at *12-13 (W.D.N.Y. July 7, 2011) (holding that despite petitioner's "layman" status, petitioner failed to demonstrate that (1) he was "unable to present the facts relevant to disposition of his habeas petition or to understand his legal position," (2) "the legal issues in his case are so complicated as to require the assistance of an attorney," or (3) "appointment of counsel would lead to a more just determination.").

Moreover, the content of the petition does not suggest that petitioner's claims "are overly complex" or that, at this point, "appointment of counsel would be more likely to lead to a just determination." *Brito v. Burge*, No. 04Civ.1815 LTS RLE, 2005 WL 1837954, at *2 (S.D.N.Y. Aug. 3, 2005) (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). Accordingly, at this juncture, there appears to be no special reason to appoint counsel. Further, there is certainly nothing mandating the Court to do so.

### B. Motion to Stay

Petitioner requests a stay "to expand the entire record, because there are unpreserved issue[]s that the petitioner did not object to at trial, that will . . . bar[] him from federal review of the evidence that was adduced at trial." Dkt. No. 11 at 1. Specifically, petitioner asserts that one of the trial exhibits does not depict the drug which petitioner was alleged to have sold; accordingly, the stay would allow this Court to "take a serious look at the documents that are being withheld by NYSP HQ, and [compare them with] . . . the People's exhibits that were adduced at trial." *Id.* at 1-2; *see also id.* at 2 (explaining "[a] . . . 440 [motion] would expand the record . . . [to allow the] court [to] take a look at the unpreserved issue[]s that were not objected by the petitioner at trial, and just may be seek [the] . . . entire discovery file[.]")

Respondent opposes the motion for two reasons. Dkt. No. 13. First, respondent argues that it is unclear whether the claims in the 440 motion are encompassed within the presently pending amended petition, or represent new claims not currently before this Court. Dkt. No. 13 at 3-4. Second, if the 440 motion does not present any new claims, it would not be warranted because all of petitioner's claims have already been exhausted. *Id.* at 4. Alternatively, if the 440 motion does include a new claim, petitioner fails to provide any reasoning, let alone good reasoning, why a stay is warranted. *Id.*

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are

7

not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches. . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

Here, the Court agrees with the respondent. Because neither a copy of the 440 motion, nor a detailed discussion of the exact claims asserted therein, was presented to this Court, the Court has no idea what the actual contents of the pending 440 motion are: all the Court can do is speculate.

Petitioner has not made clear whether he is in possession of new evidence or if he merely presumes that it exists in the fashion in which he represents. Petitioner has also not indicated whether he reasserted the arguments from this petition, which appear to have already been exhausted during his direct appeal, or whether he has included new claims, such as the *Brady* violation he continually references, which are not presently contained in the current habeas petition. In the latter case, the motion to stay would be premature because a petitioner cannot create a mixed petition by arguing his intentions to include new claims. *See Hall v. Woods*, No. 7:07-CV-9264, 2012 WL 2864505, at *5 (S.D.N.Y. July 12, 2012) ("Since Hall's petition currently contains only exhausted claims, the Court cannot treat his petition as 'mixed' for purposes of considering a stay under *Rhines*. Hall's request for a stay is therefore premature. In order to assert his new . . . unexhausted claim, Hall must

8

move to amend his petition[.]") (citations omitted); *Spells v. Lee*, No. 1:11-CV-1680, 2011 WL 2532907, at *1 (E.D.N.Y. June 23, 2011) (concluding that petitioner's motion to stay was "premature" because his "petition contain[ed] only exhausted claims" and he had not yet filed a motion to amend the petition to add the unexhausted claim). Because the Court cannot determine whether the petition is mixed, it must deny petitioner's motion.

Moreover, petitioner has not provided cause, let alone good cause, in support of his motion. It is unclear whether the factual basis underlying petitioner's 440 motion – that the People's own exhibits are inconsistent with the charges lodged, and presumably the testimony rendered, against him – is new or was known to petitioner at the conclusion of his trial and direct appeal. *See Holguin v. Lee*, No. 1:13-CV-1492, 2013 WL 3344070, at *2 (S.D.N.Y. July 3, 2013) (denying stay where petitioner was aware of the underlying facts at the trial's conclusion). The failure to provide any explanation to the Court about why petitioner's 440 claims were unexhausted is fatal to a motion to stay. *See Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014) ("Petitioner has not attempted to explain why he failed to exhaust, at an earlier time, either the unexhausted claims originally raised in his habeas petition or the new claims he wishes to add to his petition.").

Additionally, it is also not fully clear whether the relief petitioner seeks is truly a stay or a request to expand the record and conduct additional discovery. Throughout petitioner's amended petition and motion to stay, he references his desire to have the Court see photos – which it does not appear petitioner has seen or is presently in possession of – and then compare those to the trial exhibits.

"A habeas petition, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997).

9

However, pursuant to Habeas Rules 6 and 7, a district court may order discovery or expansion of the record where a party demonstrates good cause. Good cause is demonstrated where the petitioner advances "specific allegations before the court [to] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief . . . ." *Bracy*, 520 U.S. at 909 (internal quotation marks omitted).

Here, if petitioner is attempting to engage in a fishing expedition, looking for something "possibly" incriminating, such requests are not permitted on habeas review. *See Naranjo v. United States*, No. 1:16-CV-7386, 2019 WL 4879297, at *1 (S.D.N.Y. Oct. 3, 2019) (explaining that "Rule 6 does not license a petitioner to engage in a fishing expedition seeking documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error.") (internal quotation marks and citations omitted).

In sum, petitioner's present motion is insufficient; therefore, it is denied. Moreover, petitioner's present motion leaves the Court speculating at what petitioner really seeks. Accordingly, petitioner is granted thirty (30) days leave to clarify his request by (1) filing a complete motion to stay the present petition; (2) filing a proper motion to expand the record; (3) filing a motion combining both requests for relief; or (4) indicating his preference to allow the action to proceed.

**WHEREFORE**, it is

**ORDERED**, that petitioner's motion to stay this action, Dkt. No. 11, is **DENIED**; and it is further

**ORDERED**, that petitioner's motion for appointment of counsel, Dkt. No. 11, is

**DENIED WITHOUT PREJUDICE**, and it is further

**ORDERED**, that, within thirty (30) days of the filing date of this Decision and Order, petitioner must clarify his intentions by (1) filing either a complete motion to stay, a proper motion to expand discovery, or a combination thereof, or (2) indicating his preference for the case to proceed; and it is further

**ORDERED**, that upon such filing, the Clerk is directed to return the file to the Court for further review; and it is further

**ORDERED**, that no response to the petition will be required until petitioner clarifies his intentions; and it is further

**ORDERED**, that the **Clerk** of the Court serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: March 27, 2020
Albany, New York

_Christian F. Hummel_
Christian F. Hummel
U.S. Magistrate Judge