UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

────────────────────────────────

RAYMOND L. JACKSON,

                        Petitioner,

      v.                                    9:19-CV-1542
                                                 (DNH/CFH)

MICHAEL CAPRA,

                        Respondent.

────────────────────────────────

APPEARANCES:                               OF COUNSEL:

RAYMOND L. JACKSON
15-A-3740
Petitioner, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

HON. LETITIA JAMES                    MARGARET A. CIEPRISZ, ESQ.
Attorney for Respondent              Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, New York 10005

DAVID N. HURD
United States District Court Judge

## DECISION and ORDER

## I.    INTRODUCTION

      Petitioner Raymond Jackson seeks habeas relief pursuant to 28 U.S.C. § 2254.  Dkt.

No. 1, Petition ("Pet.").  Petitioner's amended petition was accepted for filing, and the Court

directed respondent to answer it.  Dkt. No. 9, Amended Petition; Dkt. No. 10, Decision and

Order dated 02/27/20 ("February Order").

      Petitioner then filed a motion to stay the amended petition and seek appointment of

counsel.  Dkt. No. 11.  Respondent opposed both motions.  Dkt. No. 13.  Pursuant to this Court's Decision and Order, petitioner's motions were denied and he was provided thirty days leave to clarify his intentions.  Dkt. No. 14, Decision and Order dated 03/27/2020 ("March Order").  Specifically, the March Order needed petitioner to state whether he truly sought a stay or a request to expand the record and conduct additional discovery.  *Id.* at 9.

Petitioner then sought additional discovery and expansion of the record, as well as reconsideration of the Court's prior decision denying petitioner's motions for a stay and appointment of counsel.  Dkt. No. 15.  Respondent opposed both motions.  Dkt. No. 16.  The Court denied them both.  Dkt. No. 17, Decision and Order dated 04/21/20 ("April Order").

Petitioner recently filed an Appeal of a Magistrate Judge Decision with respect to the April Order.  Dkt. No. 22, Appeal.  Respondent opposed petitioner's appeal.  Dkt. No. 28. The Court denied said appeal.  Dkt. No. 29, Text Order dated 06/15/20.

Presently pending before the Court are (1) petitioner's request to amend his petition (Dkt. No. 20) and (2) a motion for a certificate of appealability to appeal, to the Second Circuit, the Court's decision denying petitioner's Appeal of the April Order (Dkt. No. 29).

## II.     MOTION TO AMEND

Petitioner asserts that he wants to include two new claims in his habeas petitioner: (1) a Brady violation for failure to disclose exculpatory evidence in violation of the Fourteenth Amendment (Dkt. No. 20 at 8-9) and (2) prosecutorial misconduct where the People offered false and fraudulent evidence, via a photograph of drugs, during the trial (*Id.* at 9-10).[1]

---

[1]  In addition, petitioner repeats two claims he previously asserted in his amended petition: (3) an illegal search and seizure not supported by probable cause (*Compare* Am. Pet. at 6-8 *with* Dkt. No. 20 at 11-12) and (4) the trial judge erred allowing petitioner to represent himself given his significant mental health history (*Compare* Am. Pet. 9-10 *with* Dkt. No. 20 at 12-14).

Petitioner states that the basis for both claims are three – allegedly exculpatory – photographs of three (3) criminal sales, a contact sheet, and corresponding files on a CD/DVD.  *Id.* at 1, 2.  Petitioner argues that the document and photographs were offered to him by Lt. Col. Wilcox; however, that was a mistake and now the fact that the items are being kept from petitioner demonstrates their exculpatory nature.  *Id.*

Petitioner readily admits that he has not exhausted his Brady violation claim.  Dkt. No. 20 at 6-7.  Petitioner asserts that he engaged in a full administrative review and completed part of the judicial review.  *Id.*  Specifically, petitioner's Article 78 petition was dismissed, on January 6, 2020, for failure to serve the respondent.  *Id.* at 7.  Petitioner did not appeal to the Third Department because "due to the pandemic out break . . . even if [petitioner] wanted to[] appeal . . . because all the State Courts are not excepting any motion[s] at this time," his efforts would have been futile and he had previously destroyed his copy of the County Court's Order dismissing his claims.  *Id.* at 7, 8.[2]

Respondent opposes the motion in part.  Dkt. No. 25.  Respondent consents to petitioner's actions in dropping one of his original claims; however, respondent objects to adding the Brady violation claim.  *Id.* at 1-2.  Respondent contends that the motion should be denied as futile because petitioner openly admits he failed to exhaust his claims. *Id.* at 2.  Moreover, respondent asserts that, to the extent the Court were to consider granting

_____

[2] Petitioner also concedes that he did not exhaust his prosecutorial misconduct claims. Dkt. No. 20 at 10. Petitioner cannot find the decision and order from the Supreme County Court denying his CPL 210.40 motion.  *Id.* Further, because the order was destroyed, petitioner did not appeal the denial to the Third Department.  *Id.*
This is completely contrary to the information petitioner provided in his Amended Petition.  *See* Am. Pet. at 6-8.  Petitioner indicated that he had exhausted his claim via a writ of error coram nobis which was denied by the Third Department on August 8, 2019, and leave to appeal was denied on November 13, 2019. *Id.* at 7.  Accordingly, liberally construing this in the terms most favorable to petitioner, the claim appears to be exhausted given his prior representations.

petitioner a stay, such a stay should be denied because the Court has already denied such a

request and the petitioner has otherwise failed to show good cause for his failure to exhaust.

*Id.* at 2-3.

### III.    PENDING PETITION

Petitioner challenges a 2015 conviction from Clinton County, pursuant to a jury verdict,

for three counts of third degree criminal sale of a controlled substance and six counts of third

degree criminal possession of a controlled substance.  Am. Pet. at 1-2; *see also People v.*

*Jackson*, 160 A.D.3d 1125, 1125 (3rd Dep't 2018).[3]

Petitioner contends that he is entitled to habeas relief because (1) false and tampered

evidence was used to secure his conviction (Am. Pet. at 5-6, 8-9); (2) his arrest was not

supported by probable cause and he was subjected to an illegal search and seizure (*id.* at 6-

8); and (3) the trial court erred in allowing the petitioner to proceed pro se during his trial

given his extensive mental health history (*id.* at 9-11).  For a more complete statement of

petitioner's claims, reference is made to the amended petition.

### IV.    DISCUSSION

#### A.    Motion to Amend

Motions to amend habeas petitions are governed by Rule 15 of the Federal Rules of

Civil Procedure.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *Littlejohn v. Artuz*, 271 F.3d 360,

363 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servcs.*, 235 F.3d 804, 815-16 (2d Cir. 2000).[4]

---

[3] Citations to the parties' submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[4] Under Rule 15(a)(1)(A), a party may amend a petition once as a matter of course within "21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A).  Here, more than 21 days passed between the time petitioner filed his original petition, dated September 18, 2017, and the date he first attempted to amend his petition (Dkt. No. 25, dated May 3, 2018). Therefore, petitioner may not amend his petition as a matter of course pursuant to

A party may amend a petition where, as here, a responsive pleading has been filed only if the respondent consents in writing or by leave of the court.  Fed. R. Civ. P. 15(a)(2).  Under FED. R. CIV. P. 15, leave to amend should be freely given "when justice so requires."  *Id.; see also Littlejohn*, 271 F.3d at 363.  However, a court may deny a motion to amend where the proposed amendment would be futile.  *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002); *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999).  Similarly, a court "retain[s] the discretion to deny [a motion to amend] . . . to thwart tactics that are dilatory, unfairly prejudicial or otherwise abusive."  *Littlejohn*, 271 F.3d at 363.

In this case, it appears that petitioner's motion seeks to add one, admittedly unexhausted, claim about a *Brady* violation and omit one claim about a defect in the chain of custody.  This Court must then determine if petitioner's proposed amendment – to include a Brady violation – is futile.  Here, as petitioner has aptly asserted, "a motion to amend . . . to include an unexhausted claim, . . . would be futile if the court also declined to use the stay and abeyance procedure while the petitioner exhausts the claim in state court."  *Rivera v. Ercole*, No. 1:07-CV-3577, 2007 WL 2706274, at *22 (S.D.N.Y. Sept. 18, 2007); *accord Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014) (holding that the district court's "refusal to grant a stay necessarily means that it would be futile to grant [p]etitioner's request to amend the petition, since he would be adding unexhausted claims on which the [c]ourt could not grant habeas relief.").  Thus, in order to determine whether amendment is futile, the

---

Fed. R. Civ. P. 15(a)(1)(A).  Rule 15(a)(1)(B) provides that if a pleading is one to which a responsive pleading is required, a party may amend within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15 (a)(1)(B). "Rule 15(a)(1)(B) is inapplicable to habeas petitions because responsive pleadings are not required." *Argraves v. United States*, No. 3:11-CV-1421, 2013 WL 1856527 at *2 (D. Conn. May 2, 2013); see Rule 5(a), Rules Governing Section 2254 Cases in the United States District Courts ("The respondent is not required to answer the petition unless a judge so orders.").

Court must first determine whether it would be willing to stay the present proceeding and allow petitioner to finish exhausting his claims in state court.[5]

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches. . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

Here, respondent contends that petitioner has failed to proffer good cause to support his claims. The Court agrees. Regardless of the approach this Court adopts, petitioner has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state courts prior to filing this petition. *Rhines*, 544 U.S. at 277.

---

[5] Respondent reported that petitioner's 440 motion regarding the alleged *Brady* violation, filed in February of 2020, is still pending before the County Court. Dkt. No. 25 at 2; *see also id.* at 6-7 (440 motion seeking relief for *Brady* violation based on newly discovered evidence of "exculpatory photographs pertaining to [petitioner's] case, [a] Contact Sheet and a CD/DVD disc jpeg image file, regarding (3) criminal sales . . . that the prosecution willfully suppressed that may well be exculpatory [and] . . . impeachable material, that would have changed the outcome at trial[.]").

First, "petitioner has failed to establish good cause, let alone *any* cause, for failing to exhaust his [*Brady* violation] claim in state court before filing his habeas petition in federal court." *Spells v. Lee*, No. 1:11-CV-1680, 2012 WL 3027865, at *6 (E.D.N.Y. July 23, 2012) (citing cases).

Second, petitioner's submissions both in support of this motion and others before this Court indicate that petitioner was well aware of the factual basis underlying his present claims. Petitioner engaged in correspondence via a Freedom of Information Law ("FOIL") request in October of 2016. Dkt. No. 20 at 20. Petitioner received a response, on or about December 19, 2016, which identified the photographs that allegedly formed the basis of his *Brady* claim. *Id.* (explaining that the State Police have identified two photographs responsive to petitioner's request for images related to the controlled buys leading to his arrest). Petitioner requested the photographs in December of 2018. *Id.* at 23. Petitioner then appealed both the FOIL written response and photographs on January 29, 2019, received a response on or about February 14, 2019, and did not initiate the present action until ten months later. *See id.* at 23. Petitioner has not, and cannot, show why the factual bases underlying all of these claims were not known to petitioner for anywhere between one and three years prior to the initiation of the present action. Therefore, they are insufficient to support petitioner's present motion. *See Holguin v. Lee*, No. 1:13-CV-1492, 2013 WL 3344070, at *2 (S.D.N.Y. July 3, 2013) (denying stay where petitioner was aware of the underlying facts at the trial's conclusion); *Spells*, 2012 WL 3027865, at *6 (denying stay where two-and-a-half years passed, without any state court collateral challenge being filed, between petitioner having knowledge of his underlying state law claim and the motion for a stay being considered).

7

Third, the petitioner has not ever alleged confusion, let alone reasonable confusion, regarding how exhaustion of his state claims worked.  In fact, petitioner already filed a writ of error coram nobis and an Article 78 proceeding prior to the present petition for habeas relief.  Am. Pet. at 3-4.  Such actions demonstrate that reasonable confusion cannot serve as the basis for good cause.  *See Holguin*, 2013 WL 3344070, at *3 (holding petitioner was not reasonably confused on how to exhaust his claims where "he explicitly states in his motion that he is seeking a stay of his habeas petition so that he can exhaust his unexhausted claims in New York State Court.").  Instead, petitioner provided no explanation to the Court for why he failed to exhaust his claims in the first place.  *See Carr*, 27 F. Supp. 3d at 365 ("Petitioner has not attempted to explain why he failed to exhaust, at an earlier time, either the unexhausted claims originally raised in his habeas petition or the new claims he wishes to add to his petition."); *McCrae v. Artus*, No. 1:10-CV-2988, 2012 WL 3800840, at *9 (E.D.N.Y. Sept. 2, 2012) (denying motion to stay where, "[e]ven assuming petitioner's trial counsel was deficient and that his appellate counsel was deficient for failing to raise certain issues on appeal, neither explains why petitioner came to federal court before filing a § 440 collateral attack or *coram nobis* petition.").  This failure is fatal to petitioner's motion.

Fourth, petitioner has not shown any objective factor that was responsible for his failure to previously exhaust.  "District courts cannot grant petitioner a stay of his habeas petition for the sole reason that petitioner failed to bring his claim earlier."  *Knight*, 2019 WL 569032, at *5 (internal quotation marks and citations omitted).

Finally, federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims."  *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL

8

1283766, at *2 (N.D.N.Y. Apr. 5, 2017).

Because petitioner failed to demonstrate good cause, the Court need not consider whether petitioner's claims are plainly meritless. Accordingly, based on the foregoing, issuing a stay would be inappropriate. Therefore, because there will be no stay, allowing amendment to include an admittedly unexhausted claim is futile. Thus, petitioner's motion to amend his petition to add an unexhausted *Brady* claim is denied.

### B.    Certificate of Appealability

On April 4, 2020, the Court denied petitioner's motion to order discovery and further expand the record. Dkt. No. 17, April Order. Subsequently, on June 15, 2020, the Court denied petitioner's appeal of Magistrate Judge Hummel's April Order. Dkt. No. 29, Text Order dated 06/15/20. In both instances, Dkt. Nos. 17 & 29, the Court has determined no Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Therefore, any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b).

## V.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to amend his petition, Dkt. No. 20, is **DENIED**. Accordingly, the amended petition, Dkt. No. 9, remains the operative pleading in this action; and it is further

**ORDERED** that the respondent shall file and serve an answer to the petition and

9

provide the Court with the relevant records,[6] within sixty (60) days of the date of this Decision and Order; and it is further

**ORDERED** that petitioner may, but is not required to, file a reply within thirty (30) days of the filing date of respondent's answer.  If petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by the respondent in his answer and memorandum of law in opposition to the amended petition.  **The Court will not consider any new grounds for relief or other legal theories asserted by petitioner in his reply that were not previously asserted by him in his amended petition.**  If petitioner fails to file a reply or a request for extension of time within thirty (30) days of the filing date of respondent's papers, he may forfeit his opportunity to file a reply; and it is further

**ORDERED** that upon the filing of the reply, if any, or after the deadline to file a reply expires, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  The parties must accompany any document filed with the Court with a certificate setting forth the date on which they mailed a true and correct copy to all opposing parties or their counsel.  The Court will strike any filing that does not include a proper certificate of service.  Petitioner must comply with any requests by the Clerk's Office

---

[6] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Local Rule 72.4.  Respondent shall mail copies of any cited decisions exclusively reported on computerized databases, *e.g.* Westlaw, Lexis, but he need not file copies of those decisions with the Court.  N.D.N.Y. L.R. 7.1 (a)(1).

for any documents that are necessary to maintain this action.  Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address.  His failure to do so will result in the dismissal of this action.

All parties must comply with Rule 7.1 of the Court's Local Rules of Practice when filing motions, which are to be made returnable on any business day with proper allowance for notice as the Rules require.  All motions will be decided on the papers with no appearances and without oral argument unless otherwise ordered; and it is further

**ORDERED** that petitioner's motion for a certificate of appealability (Dkt. No. 30) is also **DENIED**; and it is further

**ORDERED** that the Clerk also serve a copy of this Decision and Order upon the petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:  July 7, 2020
          Utica, New York.

_____
United States District Judge

11