UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RAYMOND L. JACKSON,

                      Petitioner,

  v.                                                9:19-CV-1542
                                                      (DNH/CFH)
MICHAEL CAPRA,

                      Respondent.

---

**APPEARANCES:**                                        **OF COUNSEL:**

RAYMOND L. JACKSON
15-A-3740
Petitioner, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

HON. LETITIA JAMES                         MARGARET A. CIEPRISZ, ESQ.
Attorney for Respondent                  Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, New York 10005

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## DECISION and ORDER

**I.    INTRODUCTION**

      Petitioner pro se Raymond Jackson seeks habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Petitioner's amended petition was accepted for filing, and the Court directed respondent to answer. Dkt. No. 9, Amended Petition; Dkt. No. 10, Decision and Order dated 02/27/20 ("February Order").

      Petitioner filed several additional motions, including a request for additional discovery

and expansion of the record. Dkt. No. 15. The Court denied the motion. Dkt. No. 17, Decision and Order dated 04/21/20 ("April Order"). Petitioner filed an Appeal of the Magistrate Judge's April Order, and the Court denied the appeal. Dkt. No. 22, Appeal; Dkt. No. 29, Text Order dated 06/15/20.

Petitioner then filed a request to amend his petition and seek a certificate of appealability to appeal the April Order. Dkt. No. 20, Dkt. No. 29. The motions were both denied. Dkt. No. 31, Decision and Order ("July Order"). Petitioner unsuccessfully renewed his request for a certificate of appealability. Dkt. No. 32, Renewed Motion; Dkt. No. 33, Text Order (denying renewed motion).

Respondent requested, and was granted, several extensions to file the answer. Dkt. Nos. 34-39. Respondent also sought permission to file an oversized brief. Dkt. Nos. 41. However, as petitioner had filed the instant motion requesting a stay, Dkt. No. 40, the Court denied respondent's motion to file an extended brief without prejudice to renew, and stayed respondent's answer deadline pending the outcome of the motion. Dkt. No. 42. Respondent then filed an opposition to the motion to stay. Dkt. No. 43.

## II.    DISCUSSION

Petitioner argues that he requires a stay of the present habeas proceedings because he has filed an Article 78 petition in Albany County Court. Dkt. No. 40 at 1. Petitioner "hopes [this Article 78 will] . . . finally [allow him to] attain the material pertaining to the three (3) photographs and its JPEG file, and contact sheet, [for the] three criminal sales [to which he was convicted]." *Id.* Petitioner is "trying hard in a valid effort to attain the documents to give some substance to [his] claims of false evidence . . . ." *Id.* Petitioner indicates that the conclusion of these proceedings are necessary to fully exhaust his evidence-tampering

2

claim. *Id.* at 1-2.

Respondent opposes petitioner's motion because, respondent contends, any evidence petitioner obtains through his state court litigation could not be presented to this Court in support of his evidence tampering claim. Dkt. No. 43 at 2-3. Further, petitioner's motion also provides no reason to believe that the evidence he seeks will ultimately support his claim. *Id.*

"[D]istrict courts ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion . . . [and the] AEDPA does not deprive district courts of this authority." *Ryan v. Gonzales*, 568 U.S. 57, 73-74 (2013). However, where "claims were adjudicated on the merits in state postconviction proceedings and, thus, were subject to review under § 2254(d) . . . [a]ny extrarecord evidence that [petitioner] might have concerning these claims would . . . be inadmissible." *Id.* at 75 (citing *Cullen v. Pinholster*, 563 U.S. 170, 181-86 (2011); *accord Raucci v. Kirkpatrick*, No. 9:16-CV-0523 (BKS/TWD), 2017 WL 11526416, at *1 (N.D.N.Y. Feb. 27, 2017) ("The claims upon which petitioner requests a hearing were raised either on direct appeal or in a collateral state court motion, and were denied by the state courts on the merits . . . Therefore, under clearly established Supreme Court precedent, this court may not take or consider additional evidence related to those claims.").[1]

The evidence that petitioner is seeking in his Article 78 litigation is the same evidence which petitioner previously sought in his unsuccessful motion to expand the record and conduct further discovery. *See* April Order at 2-6. Specifically, petitioner seeks to have a Contact Sheet and CD with JPEG images of the evidence presented during trial because he

---

[1] This unpublished decision has been provided to petitioner.

claims it will depict drugs other than those petitioner allegedly sold to a confidential informant in March 2014. *Id.* at 2-3. However, this is not the first time petitioner has made these claims in state court. During petitioner's direct appeal, the Appellate Division denied this ground when it held that petitioner's "arguments about alleged . . . evidence tampering by the police presented issues of credibility for the jury that were clearly resolved against him." *People v. Jackson*, 160 A.D.3d 1125, 1129 (N.Y. App. Div. 2018). Petitioner's contention that his Article 78 proceeding is required to exhaust his evidence-tampering claims is incorrect. The Appellate Division's decision already represents a state court decision on the merits regarding the same evidence tampering claim petitioner is currently litigating in his Article 78 petition and that he has resurrected in his present petition. As *Piholster* explains, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." 563 U.S. at 182-83. Therefore, pursuant to the Supreme Court precedent, because this "extrarecord evidence . . . would . . be inadmissible . . . these claims do not warrant a stay." *Ryan*, 568 U.S. at 709.

Moreover, petitioner has presented no other compelling reason to grant a stay. Because the decision whether to grant a stay is within the Court's discretion, "a court might, in the interest of judicial economy, enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed." *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). However, petitioner fails to provide a compelling argument that this evidence exists, let alone that it will demonstrate what he proffers. Even in this motion, petitioner repeats his statement that he is "trying to display" that there are "documents to give some substance to

4

petitioner['s] claims of false evidence." Dkt. No. 40 at 1.  These are the same generalized statements that the Court found unpersuasive in petitioner's earlier motion seeking discovery and expansion of the record and found to be an unwarranted fishing expedition.  S*ee* April Order at 4-5.  Petitioner's speculation alone is insufficient to compel the Court to use its discretionary power.

## V. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that petitioner's motion to stay this action, Dkt. No. 40, is **DENIED**.  Thus, the amended petition, Dkt. No. 9, remains the operative proceeding and, consistent with the Court's February and July Orders, respondent is directed to answer the amended petition; and it is further

**ORDERED**, that the respondent shall file and serve an answer to the petition and provide the Court with the relevant records,[2] within thirty (30) days of the date of this Decision and Order; and it is further

**ORDERED**, that the respondent is permitted to renew its motion to file an oversized memorandum of law at any time prior to the date of its answer; and it is further

**ORDERED**, that petitioner may, but is not required to, file a reply within thirty (30) days of the filing date of respondent's answer.  If petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by the respondent in his answer

---

[2] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Local Rule 72.4.  Respondent shall mail copies of any cited decisions exclusively reported on computerized databases, *e.g.* Westlaw, Lexis, but he need not file copies of those decisions with the Court. N.D.N.Y. L.R. 7.1 (a)(1).

and memorandum of law in opposition to the amended petition.  **The Court will not consider any new grounds for relief or other legal theories asserted by petitioner in his reply that were not previously asserted by him in his amended petition.**  If petitioner fails to file a reply or a request for extension of time within thirty (30) days of the filing date of respondent's papers, he may forfeit his opportunity to file a reply; and it is further

**ORDERED**, that upon the filing of the reply, if any, or after the deadline to file a reply expires, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED**, that the parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  The parties must accompany any document filed with the Court with a certificate setting forth the date on which they mailed a true and correct copy to all opposing parties or their counsel.  The Court will strike any filing that does not include a proper certificate of service.  Petitioner must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address.  His failure to do so will result in the dismissal of this action.

All parties must comply with Rule 7.1 of the Court's Local Rules of Practice when filing motions, which are to be made returnable on any business day with proper allowance for notice as the Rules require.  All motions will be decided on the papers with no appearances and without oral argument unless otherwise ordered; and it is further

**ORDERED**, that the Clerk also serve a copy of this Decision and Order upon the petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 18, 2020
      Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge